# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL DAVENPORT <br> 6579 Church Street <br> Box 118 <br> Mizpah, NJ 08342 <br><br> Plaintiff, <br><br> v. <br><br> ASTEC INDUSTRIES, INC d/b/a ASTEC <br> 1725 Shepherd Road <br> Chattanooga, TN 37421 <br> and <br> ASTEC <br> 1725 Shepherd Road <br> Chattanooga, TN 37421 <br> and <br> John/Jane Doe (1-10) <br> and <br> ABC Corporation (1-10) <br> and <br> DEF Company (1-10) <br><br> Defendants. | CIVIL ACTION NO.: |

## I. COMPLAINT

COMES NOW the Plaintiff, Daniel Davenport, by and through his attorneys at Golkow Hessel, LLC, and files his Complaint for damages against the above-named Defendants, and in support thereof, avers as follows:

## II. THE PARTIES

1. Plaintiff, Daniel Davenport, is an adult individual residing at 6479 Church Street, Mizpah, NJ 08342. He is a citizen and resident of the State of New Jersey.

2.      Defendants, Astec Industries, Inc. and ASTEC are corporations or other business entities, organized and existing under the laws of the State of Tennessee which, at all times relevant hereto, conducted regular, continuous and systematic business through its location at 1725 Shepherd Road, Chattanooga, TN 37421.  Defendants, at all times relevant hereto, was in the business of designing, manufacturing, selling, repairing, and maintaining asphalt machines and systems and were responsible for making sure said machines and systems were safe for operations by persons such as Plaintiff.

3.      At all relevant times, Defendants were citizens and residents of the State of Tennessee.

4.      The parties are citizens and residents of different states. There is complete diversity of citizenship and the amount in controversy exceeds Seventy Five Thousand Dollars making federal jurisdiction proper.

5.      Defendants, John/Jane Doe (1-10), are fictitious names for persons or partnerships whose true identities are unknown at this time, and who through their own negligent acts or omissions caused, in whole or in part, the accident and injuries complained of herein and who, at present, remain unknown. Plaintiff reserves the right to amend this Complaint to properly name any John/Jane Doe defendants once their true identities are discovered.

6.      Defendants, ABC Corporation (1-10), are fictitious names for partnerships, corporations or other business entities whose true identities are unknown at this time, and who through their own negligent acts or omissions caused, in whole or in part, the accident and injuries complained of herein who, at present, remain unknown. Plaintiff reserves the right to amend this Complaint to properly name any ABC Corporation defendants once their true identities are discovered.

7. Defendants, DEF Company (1-10), are fictitious names for partnerships, corporations or other business entities whose true identities are unknown at this time, and who through their own negligent acts or omissions caused, in whole or in part, the accident and injuries complained of herein who, at present, remain unknown. Plaintiff reserves the right to amend this Complaint to properly name any DEF Company defendants once their true identities are discovered.

8. All John/Jane Does, ABC corporations and DEF companies were responsible for providing Plaintiff with a safe, non-defective asphalt plant machine and/or system.

9. The ASTEC Defendants, and all John/Jane Does, ABC corporations, and DEF corporations are hereinafter referred to collectively as "Defendants," and are jointly and severally liable for their tortious conduct as hereinafter described.

### III. FACTS COMMON TO ALL COUNTS

10. At all times relevant hereto, Plaintiff was acting within the course and scope of his employment as an employee at Arawak Paving located at 7503 Weymouth Road, Hammonton, NJ 08037.

11. On February 4, 2022, while working for Arawak, Plaintiff was severely injured while painting a pipe due to a dangerous, unguarded rotating fan.

12. Plaintiff was performing his job duties and in a reasonably foreseeable manner when the unguarded fan caught his hoodie and dragged him in. As a result, Plaintiff's head and arm were pulled into an unreasonably dangerous nip and/or pinch point, which lacked adequate guarding, warnings, and/or safety stops, causing Plaintiff serious and permanent injury.

13. On February 4, 2022, the aforementioned machinery was in substantially the same condition as when it was designed, manufactured, marketed, advertised, assembled, installed,

distributed, supplied, sold, maintained, repaired, modified and/or owned by Defendants, and had not been altered and/or modified by Plaintiff or Plaintiff's employer.

14. On February 4, 2022, and at all times relevant hereto, the machinery designed, sold and installed, was in a defective and unreasonably dangerous condition, as hereinafter described.

15. As a direct and proximate result of the Defendants' negligent and careless conduct and the defective and unreasonably dangerous asphalt machinery system, as set forth more fully at length herein, Plaintiff suffered severe injuries to his right bicep muscle requiring surgery and which may and in all likelihood will be permanent in nature.

16. As a direct and proximate result of the Defendants' negligent and careless conduct and the defective and unreasonably dangerous machinery, as set forth more fully at length herein, Plaintiff has suffered and will continue to suffer in the future physical and emotional pain and suffering.

17. As a direct and proximate result of the Defendants' negligent and careless conduct and the defective and unreasonably dangerous machinery, as set forth more fully at length herein, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, inconvenience, aches and pains, restriction of movement, and the loss of life's pleasures.

18. As a direct and proximate result of the Defendants' negligent and careless conduct and the defective and unreasonably dangerous machinery, as set forth more fully at length herein, Plaintiff required extensive medical treatment, including, but not limited to surgeries, orthopedic evaluations, rehabilitative treatment and physical therapy, all of which may continue in the future.

19. As a direct and proximate result of the Defendants' negligent and careless conduct and the defective and unreasonably dangerous machinery, as set forth more fully at length herein, Plaintiff has incurred and may incur in the future medical bills and expenses.

20. As a direct and proximate result of the Defendants' negligent and careless conduct and the defective and unreasonably dangerous machinery, as set forth more fully at length herein, Plaintiff has suffered lost wages, and may suffer a loss of his future earnings and earning capacity.

### COUNT IV – STRICT PRODUCTS LIABILITY PURSUANT TO N.J.S.A. 2A:58C
### Plaintiff v. All Defendants

21. Plaintiff incorporates by reference the averments contained in paragraphs 1 through 20, inclusive, as if the same were set forth more fully at length herein.

22. The ASTEC asphalt system, including unguarded/improper guarded fan blade which was designed, manufactured, marketed, advertised, assembled, installed, distributed, supplied and/or sold by Defendants, was defective and unreasonably dangerous in design and manufacture because, at the time it left Defendants' possession and/or control:

   a. the asphalt system and fan blade deviated in a material way from Defendant's design and/or manufacture specifications or from otherwise identical units manufactured to the same manufacturing specifications; and/or

   b. the asphalt system and fan blade was defective because it failed to contain adequate warnings or instructions; and/or

   c. the asphalt system and fan blade was designed in a defective manner; and/or

   d. the asphalt system and fan blade breached an express and/or implied warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product; and/or

   e. the asphalt system and fan blade lacked the necessary elements to make it safe for use and/or contained elements that made it unsafe; and/or

  f.  the asphalt system and fan blade did not incorporate an alternative and safer design and/or other guards or devices to minimize the risk of failure and/or injury during operation; and/or

  g.  the asphalt system and fan blade was not properly inspected or tested in order to identify and correct any defective or unreasonably dangerous conditions; and/or

  h.  the asphalt system and fan blade malfunctioned during normal and foreseeable use, and/or

  i.  the asphalt system and fan blade was not equipped with adequate sensors, guards, interlocks or other safety measures which would prevent injuries during normal and foreseeable use; and/or

  j.  the asphalt system and fan blade was designed, manufactured, sold, distribute, installed and/or supplied with a defectively designed guard and lacked adequate guarding; and/or

  k.  the asphalt system and fan blade failed to comply with applicable government and industry statutes, regulations, standards and guidelines; and/or

  l.  the asphalt system and fan blade lacked adequate guarding and/or had partial guarding which was wholly inadequate, unsafe and defective.

23. At the time the asphalt system and fan blade left Defendants' control, Defendants knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the defective and unreasonably dangerous conditions of the asphalt system, and that ordinary users or consumers, such as Plaintiff, would not realize the dangerous conditions.

24. At the time the asphalt system left Defendants' control, it failed to function as expected and there existed feasible alternative designs that would have, to a reasonable probability, prevented the harm, injuries, and damages suffered by Plaintiff. The feasible alternative designs would not have impaired the utility, usefulness, practicality or desirability of the Product to users and consumers, such as Plaintiff. In fact, simple complete guarding was easily added.

25. As a direct and proximate result of the defective and unreasonably dangerous conditions of the asphalt system, Defendants are strictly liable for the injuries and damages caused by these defective products pursuant to N.J.S.A. 2A:58C.

26. As a direct and proximate result of the aforesaid defective and unreasonably defective condition of the asphalt system, Plaintiff has suffered, and will suffer in the future, the injuries, damages and harms as discussed above and incorporated herein by reference.

27. Defendants are liable for Plaintiff's injuries and damages under theories of strict liability, failure to warn, breach of implied warranties of fitness and merchantability, negligence and all other causes of actions pursuant to law.

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount in excess of $75,000.00, together with interest, costs and all other relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

**GOLKOW HESSEL, LLC**

BY: */s/ James D. Golkow*
James D. Golkow, Esquire
1628 Pine Street
Philadelphia, PA 19103
(215) 988-9400 – phone
(215) 988-0042 – fax
*Attorneys for Plaintiff*

Date: September 25, 2023